UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GEORGE PAPPAS, individually and as the representative of a class of similarly-situated persons,<br><br>           Plaintiff,<br><br>    v.<br><br>QUICKEN LOANS, LLC, a Michigan limited liability company,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)  **CLASS ACTION**<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

Plaintiff, GEORGE PAPPAS ("Plaintiff"), through his attorneys, brings this action on behalf of himself and all others similarly situated and alleges the following against Defendant, QUICKEN LOANS, LLC ("Defendant"):

## PRELIMINARY STATEMENT

1. This case challenges Defendant's practice of sending unsolicited automated text messages to the cellular telephones of Plaintiff and Class members in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), and the regulations promulgated thereunder by the Federal Communications Commission ("FCC").

2.     The Defendant sent at least one (1) unauthorized text message to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS" or "auto-dialers") for the purpose of soliciting business from Plaintiff.

3.     The TCPA regulates, among other things, the use of ATDS. Specifically, the TCPA prohibits the use of auto-dialers to make <u>any</u> call to a cellular telephone number in the absence of an emergency or the prior express consent of the person being called.  47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

4.     The TCPA defines ATDS as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C§ 227 (a)(1).

5.     The FCC is empowered to issue rules and regulations implementing the TCPA.  The FCC has clarified that text messages qualify as "calls" under the TCPA, affirming that:

> under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number.  Both the statute and our rules prohibit these calls, with limited exceptions, "to any telephone number assigned to paging service, cellular service, or any service for which the party is charged."  **This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service.**

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003) ("*2003*

Order") (emphasis added); *see Gager v. Dell Fin. Servs., LLC,* 727 F.3d 265, 269 n.2 (3rd Cir. 2013).

6. The FCC has further clarified that, except for calls made by tax-exempt nonprofit organizations or health care messages, any telephone call using an automatic telephone dialing system that includes or introduces an advertisement or constitutes telemarketing must have prior express <u>written</u> consent as provided at 47 C.F.R. § 64.1200(f)(8) to be compliant with the TCPA. 47 C.F.R. § 64.1200(a)(2). (emphasis added). The FCC defines "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).

7. The FCC has found that automated or prerecorded calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they can pay in advance or after the minutes are used. *2003 Order*, 18 FCC Rcd. 14014, 14115.

8. Plaintiff, on behalf of himself and all others similarly situated, brings this case as a class action asserting claims against Defendant under the TCPA.

9. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the unsolicited automated text messages at issue were and are being sent in the same

3

or similar manner. This action is based on the same legal theory, namely liability under the TCPA.

10. This action seeks relief expressly authorized by the TCPA: (a) injunctive relief enjoining Defendant from sending unsolicited automated text messages without prior express consent; (b) injunctive relief enjoining Defendant from sending unsolicited automated text messages that includes or introduces an advertisement or constitutes telemarketing without prior express written consent; and (c) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and, in the event of finding a willful or knowing violation, to have such damages trebled, as provided by § 227(b)(3) of the Act.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is located in this district.

## PARTIES

13. Plaintiff, George Pappas is, and at all times mentioned herein was, a citizen and resident of Illinois.

14. Defendant, QUICKEN LOANS, LLC, is a Michigan limited liability company with its corporate headquarters in Detroit, Michigan. It was converted from Quicken Loans Inc. on April 15, 2020.

15. Whenever in this Complaint it is alleged that Defendant committed any act or omission it is meant that Defendant's members, managers, officers, directors, employees, and/or agents committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's members, managers, officers, directors, employees, and agents.

## FACTS

16. On or about July 9, 2020, Defendant sent Plaintiff a text message (the "Text") to his cellular telephone number via ATDS, as defined by 47 U.S.C. § 227(a)(l), without first obtaining Plaintiff's written consent. A true and correct copy of the screenshot of the Text is attached hereto as Exhibit A.

17. The Text states "See if we can match or beat a mortgage offer you get from another lender http://m.qloans.co/Hf0GNBlk ." A screenshot of the July 9, 2020 text is attached hereto as Exhibit A.

18. Plaintiff is the exclusive user of the cellular telephone that received the Text. Plaintiff's number is on the National Do Not Call registry and the phone is for personal use.

19. Defendant's Text to Plaintiff constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(l)(A)(i).

20. Plaintiff never requested, desired, permitted, or otherwise provided his prior express consent to Defendant to send or transmit the Text or any other texts to his cellular telephone.

21. Plaintiff never provided his prior express written consent to Defendant to send or transmit the Text or any other advertisement or telemarketing to his cellular telephone.

22. The phone number utilized by Defendant to send the text, 262-93, does not receive return phone calls, and, on information and belief, is used solely to send text messages *en masse*, is a telephone number leased by Defendant or Defendant's agent(s), and is used for operating Defendant's text message marketing program.

23. The Text itself is merely a generic message with the recipient's cell phone number inputted from cellular phone information that, on information and belief, is stored in the Defendant's telephone dialing system. On information and belief, no human directed the text message to Plaintiff's telephone number; rather, Plaintiff's number was called using a random or sequential number generator.

24. Based on the foregoing, all telephone contact by Defendant or Defendant's agent(s) to Plaintiff and the other members of the Class was sent utilizing an ATDS as defined by 47 U.S.C. § 227(b)(1)(A).

25. As a result of receiving the Text, Plaintiff incurred expenses to his wireless service, wasted data storage capacity, suffered the nuisance, waste of time, and aggravation that accompanies receipt of such unauthorized advertisements, and was subjected to an intrusion upon seclusion and invasion of privacy.

26. On information and belief, Defendant sent the Text, or other text messages, *en masse* to a list of thousands of randomly generated cellular telephone numbers using an automatic telephone dialing system.

27. On information and belief, Defendant sent the text message to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers without human intervention.

28. On information and belief, the Class members did not provide Defendant with prior express written consent to receive such text messages and, as a result, incurred expenses to their wireless services, wasted data storage capacity, suffered the aggravation that accompanies receipt of such unauthorized advertisements, and were subjected to an intrusion upon seclusion.

## **CLASS ACTION ALLEGATIONS**

29. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings this class action on behalf of the following Class:

> All individuals in the United States who, within the four years prior to the filing of the instant Complaint, received a text to their cellular telephones from Defendant through the use of an automatic dialing system and who did not provide prior express written consent to receive such text messages.

Excluded from the Class are the Defendant and its members, managers, employees, and agents and members of the Judiciary. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

30. Class Size (Fed. R. Civ. P. 23(a)(1)): Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of Class members is at least forty (40) based on Defendant's use of automated and impersonal text message content sent via a telephone number with an automated message center.

31. Commonality (Fed. R. Civ. P. 23 (a)(2)): Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

  a. Whether Defendant sent non-emergency text messages to Plaintiff and the Class members' cellular telephones using an automatic telephone dialing system;

  b. Whether Defendant had prior express written consent to send its automated text messages;

  c. Whether Defendant's conduct was knowing and/or willful;

  d. Whether Defendant is liable for damages, and the amount of such damages; and

  e. Whether Defendant should be enjoined from such conduct in the future.

32. <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: Plaintiff's claims are typical of the claims of all Class members. Plaintiff received the same or other unsolicited text message as the other Class members sent by or on behalf of Defendant advertising the availability of Defendant's mortgage loan services during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all Class members based upon the same federal statute. Defendant has acted in the same or in a similar manner with respect to the Plaintiff and all the Class members by sending Plaintiff and each member of the Class the same or substantially similar text message.

33. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

34. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

    a. Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

    b. Evidence regarding defenses or any exceptions to liability that Defendant may assert and attempt to prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

    c. Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all Class members;

    d. The amount likely to be recovered by individual Class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

    e. This case is inherently manageable as a class action in that:

      i.      Defendant identified persons or entities to receive the unauthorized text messages and Defendant's computer and business records will likely enable Plaintiff to readily identify class members and establish liability and damages;

      ii.      Liability and damages can be established for Plaintiff and the Class with the same common proofs;

      iii.      Statutory damages are provided for in the statute and are the same for Plaintiff and all Class members and can be calculated in the same or a similar manner;

      iv.      A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort, and expense;

      v.      A class action will contribute to uniformity of decisions concerning Defendant's practices; and

      vi.      As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## COUNT I

### Violation of the TCPA, 47 U.S.C. § 227(b)(3)

35.    Plaintiff incorporates by reference paragraphs 1-34 as if fully set forth herein.

36. The Text Defendant sent Plaintiff and the Class members is an advertisement as defined by 47 C.F.R. § 64.1200(f)(1) because it promotes Defendant's property, goods, or services.

37. Defendant and/or its agent sent the Text, or other unsolicited automated text messages to the cellular telephone number of Plaintiff and the other Class members *en masse* without their prior express written consent.

38. Defendant sent the Text, or had them sent on its behalf, using an automatic telephone dialing system or device which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

39. Defendant utilized equipment that sent the text messages, including the Text, to Plaintiff and other Class members simultaneously and without human intervention.

40. By sending the unsolicited text messages to Plaintiff and the Class, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

41. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class are also entitled to an injunction against future calls by Defendant.

## COUNT II

### Willful and/or Knowing Violation of the TCPA, 47 U.S.C. § 227(b)(3)

42. Plaintiff incorporates by reference paragraphs 1-34 as if fully set forth herein.

43. The Text Defendant sent Plaintiff and the Class is an advertisement as defined by 47 C.F.R. § 64.1200(f)(1) because it promotes Defendant's property, goods, or services.

44. Defendant and/or its agent sent the Text, or other unsolicited automated text messages to the cellular telephone number of Plaintiff and the Class members *en masse* without their prior express consent and prior express written consent.

45. Defendant sent the Text, or had it sent on its behalf, knowingly using an automatic telephone dialing system or device which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

46. Defendant knowingly utilized equipment that sent the text messages, including the Text, to Plaintiff and other Class members simultaneously and without human intervention.

47. Defendant knew that it did not have prior express consent or prior express written consent to send the Text to Plaintiff and the Class.

48. On information and belief, Defendant knew, or willfully ignored the fact, that its conduct as alleged herein violated the TCPA.

49. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the Class were harmed and entitled to statutory relief.

50. As a result of Defendant knowing that Plaintiff and the Class had not given prior express consent to receive the text messages, the Court should treble the amount of statutory damages available to Plaintiff and the Class.

WHEREFORE, Plaintiff, GEORGE PAPAS, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, QUICKEN LOANS, LLC, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint the Plaintiff's counsel as counsel for the Class;

B. That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and award treble damages if the violations were done willfully and/or knowingly;

C. That the Court award costs and prejudgment interest from the date the Text was sent to the date the Court enters judgment;

D. That the Court enjoin the Defendant from additional violations; and

E.  That the Court provide such further relief as the Court may deem just and proper.

Respectfully submitted,

GEORGE PAPPAS, individually and as the representative of a class of similarly-situated persons,

By: /s/ Ryan M. Kelly
Ryan M. Kelly

**ANDERSON+ WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Facsimile:  847-368-1501
rkelly@andersonwanca.com