## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## DETROIT DIVISION

| | |
|---|---|
| GEORGE PAPPAS, individually and as the representative of a class of similarly-situated persons, | Case No. 2: 20-cv-12330-GAD-APP |
| | Hon. Judge Gershwin A. Drain |
| Plaintiff, | U.S. District Judge |
| v. | Hon. Anthony P. Patti |
| QUICKEN LOANS, LLC, a Michigan limited liability company, | U.S. Magistrate Judge |
| Defendant. | |

## QUICKEN LOANS, LLC'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Quicken Loans, LLC ("Quicken Loans") hereby moves to dismiss Plaintiff George Pappas' ("Plaintiff" or "Pappas") Complaint (ECF No. 1) for want of subject matter jurisdiction because Plaintiff's allegations demonstrate he did not suffer any concrete injury sufficient to confer Article III standing to sue and because the Complaint fails to state a claim for a violation of the cellphone provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), upon which relief can be granted. The grounds for this Motion are set forth in the accompanying Memorandum of Law.

Pursuant to Local Rule 7.1(a), Quicken Loans' undersigned counsel certifies that counsel personally spoke to counsel for Plaintiff, explaining the nature of the

relief to be sought by this Motion and seeking concurrence in the relief; opposing

counsel expressly denied concurrence.

Respectfully submitted,

/s/ *W. Kyle Tayman*

W. Kyle Tayman (DC Bar No. 1000398)
Brooks R. Brown (DC Bar No. 1002475)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444
BBrown@goodwinlaw.com
KTayman@goodwinlaw.com

Jeffrey B. Morganroth (MI Bar No. 41670)
jmorganroth@morganrothlaw.com
MORGANROTH AND MORGANROTH PLLC
344 North Old Woodard Avenue, Suite 200
Birmingham, MI  48009
Tel.: +1 248 864 4000
Fax: +1 248 864 4001

*Counsel for Quicken Loans, LLC*

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### DETROIT DIVISION

| | |
|---|---|
| GEORGE PAPPAS, individually and as the representative of a class of similarly-situated persons,<br><br>   Plaintiff,<br><br> v.<br><br>QUICKEN LOANS, LLC, a Michigan limited liability company,<br><br>   Defendant. | Case No. 2: 20-cv-12330-GAD-APP<br><br>Hon. Judge Gershwin A. Drain<br>   U.S. District Judge<br><br>Hon. Anthony P. Patti<br>   U.S. Magistrate Judge |

## MEMORANDUM OF LAW IN SUPPORT OF QUICKEN LOANS LLC'S MOTION TO DISMISS

## TABLE OF CONTENTS

**Page**

ISSUES PRESENTED......................................................................................v

CONTROLLING OR MOST APPROPRIATE AUTHORITIES..........................vi

INTRODUCTION .........................................................................................1

BACKGROUND ...........................................................................................4

LEGAL STANDARD......................................................................................5

ARGUMENT ...............................................................................................6

    I.    PLAINTIFF FAILS TO ALLEGE A CONCRETE INJURY
        SUFFICIENT FOR ARTICLE III STANDING. .................................6

    II.   THE COMPLAINT SHOULD BE DISMISSED IN ITS
        ENTIRETY BECAUSE PLAINTIFF FAILS TO PLEAD THE
        REQUIRED ATDS ELEMENT OF HIS CELLPHONE
        PROVISION CLAIM.........................................................................10

    III.  PLAINTIFF'S SECOND COUNT IS NOT A CAUSE OF
        ACTION AND SHOULD BE DISMISSED......................................15

CONCLUSION ...........................................................................................17

# TABLE OF AUTHORITIES

**Cases**
  **Page(s)**

*Aikens v. Synchrony Fin. d/b/a Synchrony Bank*,
  No. 15-10058, 2015 WL 5818911 (E.D. Mich. July 31, 2015)..................*passim*

*Allan v. Pa. Higher Educ. Assistance Agency*,
  968 F.3d 567 (6th Cir. 2020) ......................................................*passim*

*Armstrong v. Inv'rs Bus. Daily, Inc.*,
  No. 18-2134-MWF, 2018 WL 6787049 (C.D. Cal. Dec. 21, 2018) ..................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)......................................................................*passim*

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................vi, 5, 12

*Buchholz v. Meyer Njus Tanick, PA*,
  946 F.3d 855 (6th Cir. 2020) ...............................................................9

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*,
  648 F.3d 365 (6th Cir. 2011) ...............................................................6

*Directv, Inc. v. Treesh*,
  487 F.3d 471 (6th Cir. 2007) ...............................................................4

*Duchene v. Onstar, LLC*,
  No. 15-13337, 2016 WL 3997031 (E.D. Mich. July 26, 2016).....................3, 16

*Eldridge v. Pet Supermarket Inc.*,
  No. 18-22531-CIV-WILLIAMS, 2020 WL 1475094 (S.D. Fla.
  Mar. 9, 2020).........................................................................8

*Fenwick v. Orthopedic Specialty Inst., PLLC*,
  No. 0:19-CV-62290-RUIZ/STRAUSS, 2020 WL 913321 (S.D.
  Fla. Feb. 4, 2020) ....................................................................8

*Gadelhak v. AT&T Servs., Inc.*,
  950 F.3d 458 (7th Cir. 2020) ..............................................................10

*Glasser v. Hilton Grand Vacations Co., LLC*,
    948 F.3d 1301 (11th Cir. 2020) ........................................................................10

*Gragg v. Orange Cab Co.*,
    995 F. Supp. 2d 1189 (W.D. Wash. 2014) .......................................................13

*Great Lakes Acquisition Corp. v. Deary*,
    No. 19-11502, 2019 WL 4919148 (E.D. Mich. Oct. 4, 2019),
    *appeal dismissed*, No. 19-2215, 2019 WL 7596302 (6th Cir. Nov.
    15, 2019) ............................................................................................................12

*Hagy v. Demers & Adams*,
    882 F.3d 616 (6th Cir. 2018) ..............................................................................9

*Lord v. Kisling, Nestico & Redick, LLC*,
    No. 1:17-CV-01739, 2018 WL 3391941 (N.D. Ohio July 12, 2018) 3, 13, 14, 15

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ..........................................................................................5, 9

*Michael W. Kincaid DDS, Inc. v. Synchrony Fin.*,
    No. 2:16-cv-790, 2017 WL 2599224 (S.D. Ohio June 15, 2017) .....................15

*Pierce v. Gen. Motors LLC*,
    No. 14-14491, 2016 WL 4800869 (E.D. Mich. Sept. 14, 2016),
    *aff'd*, 716 F. App'x 515 (6th Cir. 2017)..............................................................16

*PNC Bank, N.A. v. Merenbloom*,
    Nos. 15-6361, 16-5277, 2017 WL 3973962 (6th Cir. June 16,
    2017) .............................................................................................................3, 16

*Reo v. Caribbean Cruise Line, Inc.*,
    No. 1:14 CV 1374, 2016 WL 1109042 (N.D. Ohio Mar. 18, 2016) .................14

*Salcedo v. Hanna*,
    936 F.3d 1162 (11th Cir. 2019) ...............................................................*passim*

*Shcherb v. Angi Homeservices Inc.*,
    No. 19-CV-367 (JPO), 2019 WL 5538030 (S.D.N.Y. Oct. 25,
    2019) ...............................................................................................................3, 15

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016)..............................................................................2, 5, 6, 9

**Statutes**

47 U.S.C. § 227(a)(1)............................................................................................11

47 U.S.C. § 227(b)(1)(A)...................................................................................1, 10

47 U.S.C. § 227(b)(3)............................................................................................15

**Other Authorities**

U.S. Const. art. III........................................................................................*passim*

Fed. R. Civ. P. 12(b)(1)..........................................................................................6

Fed. R. Civ. P. 12(b)(6)...................................................................................1, 4, 5

# ISSUES PRESENTED

1. Whether Plaintiff's claims should be dismissed for lack of standing under Article III of the United States Constitution when his Complaint pleads no plausible facts supporting any concrete injury-in-fact that is fairly traceable to Quicken Loans' conduct, and alleges only a brief, isolated, and momentary annoyance from a single text message.

2. Whether Plaintiff's Complaint fails to state a claim against Quicken Loans under the Telephone Consumer Protection Act's cellphone provision because the Complaint is devoid of plausible allegations that the Plaintiff's telephone number was either randomly or sequentially generated and then dialed, or dialed from a prepared list, as is necessary in the Sixth Circuit to plead the "automatic telephone dialing system" element of the claim.

3. Whether Count II of Plaintiff's Complaint fails to state a claim because it is entirely derivative of Count I and fails for the same reasons, is a remedy rather than a cause of action, and is unsupported by any plausible factual allegations.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

1) *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

2) *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

3) *Allan v. Pa. Higher Educ. Assistance Agency*, 968 F.3d 567 (6th Cir. 2020)

4) *Aikens v. Synchrony Fin. d/b/a Synchrony Bank*, No. 15-10058, 2015 WL 5818911 (E.D. Mich. July 31, 2015), *report and recommendation adopted*, 2015 WL 5818860 (E.D. Mich. Aug. 31, 2015)

5) *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019)

## **INTRODUCTION**

Plaintiff George Pappas sues Quicken Loans—a multiple J.D. Power award winner for customer service—based upon generic and conclusory allegations about a single text message that Quicken Loans purportedly sent to his cellphone on July 9, 2020.  Complaint ("Compl.") ¶ 16.  Plaintiff claims that this single text message violated the cellphone provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), because it was allegedly sent using an automatic telephone dialing system ("ATDS"), without his prior consent.  Compl. ¶¶ 16, 22-23.  As detailed below, the Complaint should be dismissed because Plaintiff lacks Article III standing to sue and he otherwise fails to state a cognizable claim for violation of the cellphone provision.

First, Plaintiff predicates his TCPA claim upon the receipt of only a single text message.  Compl. ¶ 16.  But the mere receipt of just a *single* text is not a cognizable injury sufficient to confer Article III standing to sue.  *See, e.g., Salcedo v. Hanna*, 936 F.3d 1162, 1172-73 (11th Cir. 2019).  Plaintiff's conclusory allegations that the receipt of one text message somehow caused him to incur an unidentified expense, wasted his time, and subjected him "to an intrusion upon seclusion and invasion of privacy" compels no different conclusion.  Compl. ¶ 25.  In *Salcedo*, the Eleventh Circuit explicitly held that identical alleged injuries flowing from the receipt of an unsolicited text message were not the type and

1

degree of tangible harms that Congress targeted in passing the TCPA.  936 F.3d at

1171–73.  Rather, the court held that the "isolated, momentary, and ephemeral"

nature of a text message only potentially causes intangible harms, and thus is not a

sufficient invasion of one's privacy to establish the requisite concrete and

particularized injury under Article III.  *Id.*; *see Spokeo, Inc. v. Robins*, 136 S. Ct.

1540, 1547–50 (2016).  The same conclusion attends to Plaintiff's allegations here,

and so this lawsuit should be dismissed for lack of Article III standing.

Second, although it is his burden to plead the elements of his TCPA

cellphone provision claim in Counts 1 and 2, Plaintiff pleads no factual allegations

sufficient to plausibly allege that Quicken Loans sent a text message to his

cellphone using an ATDS.  Earlier this year, the Sixth Circuit defined an ATDS as

"equipment which has the capacity—(A) to store [telephone numbers to be called];

or produce telephone numbers to be called, using a random or sequential number

generator; and (B) to dial such numbers."  *Allan v. Pa. Higher Educ. Assistance*

*Agency*, 968 F.3d 567, 579–80 (6th Cir. 2020) (citation omitted).  The Complaint,

however, contains no allegations (none) that Quicken Loans either (a) stored

Plaintiff's telephone number on a list and then texted his number, or (b) sent the

challenged text message to Plaintiff's purported cellphone using equipment with

the capacity to either randomly or sequentially generate his number.  The

Complaint thus fails to state a cellphone provision claim as a matter of law, and so

must be dismissed. *Aikens v. Synchrony Fin. d/b/a Synchrony Bank*, No. 15-10058, 2015 WL 5818911, at *4 (E.D. Mich. July 31, 2015), *report and recommendation adopted*, No. 15-cv-10058, 2015 WL 5818860 (E.D. Mich. Aug. 31, 2015) ("the Court may not accept an assertion that an ATDS was used simply because Plaintiff states as much"); *Lord v. Kisling, Nestico & Redick, LLC*, No. 1:17-CV-01739, 2018 WL 3391941, at *3 (N.D. Ohio July 12, 2018); *Shcherb v. Angi Homeservices Inc.*, No. 19-CV-367 (JPO), 2019 WL 5538030, at *1 (S.D.N.Y. Oct. 25, 2019).

Finally, Plaintiff's claim in "Count 2" for knowing or willful violation of the cellphone provision fails to state a claim because it is entirely derivative of his defective cellphone provision claim in Count 1 and, in any event, there is no standalone claim for knowing or willful violation of the TCPA. *E.g. PNC Bank, N.A. v. Merenbloom*, Nos. 15-6361, 16-5277, 2017 WL 3973962, at *3 (6th Cir. June 16, 2017). Proof of a knowing or willful violation changes the potential remedy by making enhanced statutory damages available at the discretion of the court, but "is not a separate cause of action." *Id.* (citation omitted). Regardless, even assuming arguendo that this additional available remedy might somehow be a separate cause of action, the Complaint is devoid of any factual allegations that could support finding a knowing or willful violation of the cellphone provision by Quicken Loans in connection with the single challenged text message. *Duchene v.*

3

*Onstar, LLC*, No. 15-13337, 2016 WL 3997031, at *7 (E.D. Mich. July 26, 2016).

Count 2 thus states no claim at all and must be dismissed.

## **BACKGROUND**[1]

Plaintiff alleges that Quicken Loans sent a single text message to his purported cellphone on July 9, 2020, without his consent.  Compl. ¶ 16.  Beyond this, Plaintiff offers conclusory allegations based only "on information and belief" that "Plaintiff's number was called using a random or sequential number generator" by Quicken Loans' telephone dialing system, which he alleges (again, on "information and belief") "is used solely to send text messages *en masse*."  *Id.*  ¶¶ 22-23.  From this, he concludes that the one text message he received "was sent utilizing an ATDS."  *Id.* ¶ 24.  Plaintiff further alleges that he "incurred [unidentified] expenses to his wireless service, [unidentified] wasted data storage capacity," and somehow wasted time and suffered an invasion of his privacy stemming from the receipt of the lone challenged text message.  Compl. ¶ 25.  Plaintiff does not allege where he was or what he was doing when he received this text message.  Based on these allegations, Plaintiff purports to assert two claims against Quicken Loans for negligent (Count

---

[1] Quicken Loans' recitation of the factual background assumes, as it must at this initial stage of the lawsuit, the truth of Plaintiff's factual allegations solely for purposes of this Motion.  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  In the event this matter proceeds beyond the Rule 12(b)(6) stage (and it should not), Quicken Loans reserves its right to contest (and disprove) Plaintiff's allegations.

4

I) and knowing or willful (Count II) violation of the TCPA's cellphone provision. Compl. ¶¶ 35-50.

## **LEGAL STANDARD**

Article III of the Constitution "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo*, 136 S. Ct. at 1547. The "irreducible constitutional minimum of standing" consists of three elements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* Subject matter jurisdiction is lacking, and dismissal is appropriate, if plaintiff fails to establish any one of the elements of standing.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S.

5

662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  A plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully."  *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).  Instead, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## **ARGUMENT**

### I. **Plaintiff Fails To Allege A Concrete Injury Sufficient For Article III Standing.**

This Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for want of subject matter jurisdiction because Plaintiff's allegations demonstrate that he suffered no concrete injury from the receipt of the single, challenged text message sufficient to confer Article III standing to sue.  As noted, Article III of the Constitution "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong" to only those that meet the elements of standing.  *Spokeo*, 136 S. Ct. at 1547.

In *Salcedo*, the Eleventh Circuit recently analyzed Article III standing under nearly identical factual allegations to those alleged by Plaintiff here in the context of a TCPA cellphone provision just like this one predicated upon a single text message.  It held that the alleged injury from the receipt of one supposedly unwanted text messages is not sufficiently concrete to confer Article III standing to

6

sue. *Salcedo*, 936 F.3d at 1167. In so doing, the Eleventh Circuit explained that the time spent and allegedly wasted by a recipient from opening and reading an unwanted text message, and the attendant invasion of privacy because the message was not invited, is not "the kind of harm that constitutes an injury in fact" under Article III. *Id.* at 1168–73. Further, in analyzing the legislative history of the TCPA, the court found that the type of intangible harms that result from the receipt of an unwanted text message are "***qualitatively different***" from the types of harms Congress intended to target with the TCPA for unwanted calls or faxes. *Id.* at 1169 (emphasis added).

For example, the court explained that the harms from the receipt of a text are not equivalent to the time spent answering a phone call or reviewing a fax, the seizure of a line caused by an unwanted phone call or fax, or the invasion of privacy when one receives a call on a residential landline. The Eleventh Circuit reasoned (correctly) that, in contrast, "[a] cell phone user can continue to use all of the device's functions . . . while it is receiving a text message," and a cellphone user that carries the phone both within and outside of the home does not have an expectation of privacy akin to a residential phone line. *Id.* at 1168. Put simply, "[t]he chirp, buzz, or blink of a cell phone receiving a single text message is more akin to walking down a busy sidewalk and having a flyer briefly waived in one's face. Annoying, perhaps, but not a basis for invoking the jurisdiction of the federal

courts." *Id.* at 1172.  Therefore, the Eleventh Circuit held in *Salcedo* that the qualitative harm associated with receiving text messages is intangible only, and insufficiently concrete to confer Article III standing.  *Id.*

Here, just as in *Salcedo*, Plaintiff alleges the receipt of just a single text message and seeks to make a federal class action out of it.  Compl. ¶ 16.  And, just as in *Salcedo*, Plaintiff makes conclusory allegations that he was supposedly harmed by incurring undescribed, non-existent (if not *de minimis*) "expenses to his wireless service, wasted data storage capacity," nuisance, wasted time, aggravation, and an intrusion upon seclusion of privacy.  Compl. ¶ 25.  But these alleged harms mirror those the Eleventh Circuit deemed insufficient to confer a concrete injury for purposes of Article III standing.  *Salcedo*, 936 F.3d at 1167–68, 1171–72 (rejecting invasion of privacy, annoyance, conversion, trespass and intrusion upon seclusion as sufficiently concrete harms for receipt of an unwanted text message); *see also Eldridge v. Pet Supermarket Inc.*, No. 18-22531-CIV-WILLIAMS, 2020 WL 1475094, at *5–6 (S.D. Fla. Mar. 9, 2020) ("Plaintiff's alleged injuries—invasion of privacy, intrusion upon seclusion, and wasted time from receiving five unauthorized text messages over a three-month period—do not state a concrete injury-in-fact."); *Fenwick v. Orthopedic Specialty Inst., PLLC*, No. 0:19-CV-62290-RUIZ/STRAUSS, 2020 WL 913321, at *4–5 (S.D. Fla. Feb. 4,

2020) ("[Plaintiff's] attempt to meaningfully distinguish her case from *Salcedo* based on the number text messages [two] fails.").

These fleeting harms also do not establish an Article III injury because Plaintiff's allegations about them are conclusory and vague. The Supreme Court has confirmed that an injury in fact must be both "concrete" (i.e. "actually exist") and "particularized" (i.e. "affect the plaintiff in a personal and individual way"). *Spokeo*, 136 S. Ct. at 1548 (citations omitted). Plaintiff's claim here is insufficient where he identifies no actual, tangible expense incurred from the lone text message, fails to identify how his privacy was supposedly invaded, and otherwise pleads no plausible factual allegations (as opposed to conclusions) of having suffered any concrete injury for purposes of Article III standing. *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 870 (6th Cir. 2020) (affirming dismissal where the plaintiff "failed to allege a concrete injury in fact fairly traceable to [the defendant's] challenged conduct" by alleging only intangible procedural violations); *Hagy v. Demers & Adams*, 882 F.3d 616, 623 (6th Cir. 2018) (same).

At bottom, Plaintiff's threadbare and conclusory allegations of intangible or speculative harms from the receipt of just a single text message are insufficient to establish standing under Article III of the Constitution. This court should follow the Eleventh Circuit in *Salcedo* and dismiss the Complaint. *See Lujan*, 504 U.S. at 560–61; *Salcedo*, 936 F.3d at 1172–73.

**II.     The Complaint Should be Dismissed in its Entirety Because Plaintiff Fails to Plead the Required ATDS Element of His Cellphone Provision Claim.**

Separate from Plaintiff's lack of Article III standing, the Complaint should be dismissed because Plaintiff fails to plausibly allege the ATDS element necessary to state a claim under the TCPA's cellphone provision.  An essential element of any cellphone provision claim is that the challenged calls or texts were made using an "automatic telephone dialing system." 47 U.S.C. § 227(b)(1)(A).  The Sixth Circuit recently defined an ATDS as "equipment which has the capacity—(A) to store [telephone numbers to be called]; or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Allan*, 968 F.3d at 579–80 (citation omitted).[2]  Thus, to state a cognizable cellphone provision claim predicated upon the use of an ATDS to send a text message in this Circuit, a plaintiff must plead plausible factual allegations that the challenged text message was sent with equipment capable of performing either function.  Plaintiff has failed to do so here.

---

[2] Quicken Loans maintains that *Allan* was wrongly decided.  Indeed, *Allan* is in direct conflict with the ATDS decisions of numerous other Circuit Courts.  *See, e.g., Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301 (11th Cir. 2020); G*adelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020).  Quicken Loans expressly reserves all rights to assert that *Allan* is wrongly decided and seek Supreme Court review of that decision, if necessary, and rely upon any subsequent authority from the Supreme Court or Sixth Circuit reversing or limiting *Allan*.

At the outset, Plaintiff makes no attempt (none) to plead the first indicator of an ATDS as identified by the *Allan* court, namely that Quicken Loans telephone equipment is capable of storing lists of numbers to be called. At most, he alleges that Quicken Loans' telephone equipment stored just his number (Compl. ¶ 23), and that Quicken Loans sent similar text messages "to a list of thousands of randomly generated cellular telephone numbers" (Compl. ¶ 26). But he stops short of alleging that Quicken Loans' system stored *lists* of telephone numbers, and then dialed or texted those numbers, as set forth by *Allan*.

Plaintiff's attempt to allege the second ATDS function identified by the *Allan* court fares no better. Plaintiff asserts that his "number was called using a random or sequential number generator." Compl. ¶ 23. But this allegation merely couples speculation about the possibility his number was randomly or sequentially dialed with language parroting the ATDS definition. 47 U.S.C. § 227(a)(1). It is well-settled that "the Court may not accept an assertion that an ATDS was used simply because Plaintiff states as much." *Aikens*, 2015 WL 5818911, at *4.

Perhaps recognizing as much, Plaintiff speculates about other facets of Quicken Loans' telephone system and the text messages allegedly sent to other unidentified putative class members based on unspecified "information" and his own belief. These allegations—each of which merely borrows from other TCPA cases where courts have refrained from dismissing ATDS allegations about different

11

telephone systems based on specific facts not plausibly alleged here about Quicken Loans' system—do nothing to save the Complaint from dismissal.  As this Court has previously held, "it is entirely reasonable to demand that plaintiffs provide sufficient information about the timing and content of the calls they receive to give rise to the reasonable belief that an ATDS was used." *Aikens*, 2015 WL 5818911, at *4.  But nothing in the Complaint provides any factual enhancement sufficient to give rise to any such inference as to the challenged text to Plaintiff.  And the Sixth Circuit has held that statements based on "information and belief" are "precisely the kinds of conclusory allegations that *Iqbal* and *Twombly* condemned and thus told us to ignore when evaluating a complaint's sufficiency." *Great Lakes Acquisition Corp. v. Deary*, No. 19-11502, 2019 WL 4919148, at *2 (E.D. Mich. Oct. 4, 2019), *appeal dismissed*, No. 19-2215, 2019 WL 7596302 (6th Cir. Nov. 15, 2019) (quoting *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013)).

For instance, Plaintiff alleges that the texts were sent from the telephone number "262-93" (known as a "short code"), and that this leads him to conclude this telephone number "is used solely to send text messages *en masse*, is a telephone number leased by Defendant or Defendant's agent(s), and is used for operating Defendant's text message marketing program."  Compl. ¶ 22.  Putting aside that these allegations are entirely speculative, the use of a short code to send a text message says ***nothing*** about whether the recipient's telephone number was stored

and texted, or generated randomly or sequentially and then texted.[3]  *See Lord,* 2018 WL 3391941, at *1-3 (dismissing TCPA claim for failure to allege ATDS element even though plaintiff alleged defendant sent texts on a platform that used a short code for mass texting).  The allegation that the short code number "does not receive return phone calls" similarly does not speak to whether an ATDS was used to send a text message.  Compl. ¶ 22.  At the outset, Plaintiff alleges the receipt of a text message, not a "*phone call*," so whether the short code can receive a return *call* is inapposite.  Further, as shown in Ex. A to the Complaint, the text message Plaintiff received invited him to "Reply" to the message, so Plaintiff's conclusory allegations that the short code could not receive messages is implausible based on the content of the text message.  And his speculation that the short code was used "*en masse*" (Compl. ¶¶ 22, 26) is just that—the kind of unadorned speculation and conclusion devoid of factual enhancement that the Supreme Court has held is insufficient to state a claim.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Finally, Plaintiff alleges—again in conclusory terms with no factual enhancement—that the text message was "generic" and that  "no human directed the text message to Plaintiff's telephone number; rather, Plaintiff's number was called

---

[3] Random number generation means "random sequences of 10 digits," while sequential number generation means producing numbers sequentially "(for example) (111) 111-1111, (111) 111-1112, and so on."  *Gragg v. Orange Cab Co.*, 995 F. Supp. 2d 1189, 1193 (W.D. Wash. 2014) (quoting *Griffith v. Consumer Portfolio Serv., Inc.*, 838 F. Supp. 2d 723, 725 (N.D. Ill. 2011)).

using a random or sequential number generator."  Compl. ¶ 23.  But the substance of the text message says ***nothing*** about how his number was texted, let alone whether his telephone number was randomly or sequentially generated, and then texted. *Armstrong v. Inv'rs Bus. Daily, Inc.*, No. 18-2134-MWF (JPRx), 2018 WL 6787049, at *6 (C.D. Cal. Dec. 21, 2018) (allegations that text messages were "'generic and impersonal'…*do[es] not create an inference that an ATDS was in fact used*….It is equally possible [the text messages] were sent manually by a person or perhaps not using an ATDS at all." (emphasis added)).  And his conclusory allegation that, "on information and belief" no human directed the text message "does not render Plaintiff's claim plausible" and "does not explain why or how Plaintiff knows that an ATDS was used."  *Aikens*, 2015 WL 5818911, at *3; *Reo v. Caribbean Cruise Line, Inc.*, No. 1:14 CV 1374, 2016 WL 1109042, at *4 (N.D. Ohio Mar. 18, 2016) ("Because supporting factual allegations were not alleged in the SAC, Plaintiffs have not stated a plausible claim for relief under the TCPA."); *Lord*, 2018 WL 3391941, at *3 (dismissing TCPA claim because parroting the ATDS element was insufficient).

At bottom, Plaintiff does nothing more than parrot the statutory definition of an ATDS and speculate about its use, while providing no plausible factual allegations at all (none) that his number was randomly or sequentially generated and the dialed.  And because he also does not contend that his number was stored on a

14

list and then texted, he has not sufficiently pled the use of an ATDS under the Sixth Circuit's decision in *Allan*.   Plaintiff's conclusory, speculative, and boilerplate allegations are not enough and his claims should be dismissed.   *Aikens*, 2015 WL 5818911, at \*4; *Lord*, 2018 WL 3391941, at \*3; *Shcherb*, 2019 WL 5538030, at \*1.

## III.   Plaintiff's Second Count is Not a Cause of Action and Should Be Dismissed.

In Count 2 of the Complaint, Plaintiff purports to assert a derivative cause of action against Quicken Loans for "willful and/or knowing" violation of the TCPA's cellphone provision.   Compl. ¶¶ 42-50.   That Count fails to state a claim for three independent reasons.

First, the claim is entirely derivative of and dependent upon Plaintiff's defective claim in Count 1, and so fails with it.

Second, Count 2 simply alleges a remedy and not a cause of action.   The TCPA allows a plaintiff to bring an action for an alleged violation of the cellphone provision, and separately allows treble damages and injunctive relief as remedies for a knowing or willful violation.   47 U.S.C. § 227(b)(3).   Consistent with this, courts routinely dismiss claims just like Plaintiff's here.   *E.g., Michael W. Kincaid DDS, Inc. v. Synchrony Fin.*, No. 2:16-cv-790, 2017 WL 2599224, at \*5 (S.D. Ohio June 15, 2017) (dismissing separate TCPA count for injunctive relief because "the applicable section [47 U.S.C. § 227(b)] does not provide for injunctive relief as a cause of action, but rather, allows a plaintiff to seek injunctive relief as a remedy for

15

a violation of the TCPA."); *see also PNC Bank, N.A.*, 2017 WL 3973962, at *3 ("punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action") (citation omitted); *Pierce v. Gen. Motors LLC*, No. 14-14491, 2016 WL 4800869, at *1 n.1 (E.D. Mich. Sept. 14, 2016), *aff'd*, 716 F. App'x 515 (6th Cir. 2017) ("Punitive damages are a remedy, however, not a separate cause of action.").  This Court should not hesitate to do the same.

Finally, even assuming *arguendo* that Plaintiff's "claim" for treble damages and injunctive relief might be a separate cause of action, the claim should still be dismissed for the additional reason that he again pleads no plausible factual allegations of any knowing or willful violation of the cellphone provision by Quicken Loans in connection with the challenged text message.  *Duchene*, 2016 WL 3997031, at *7 ("a willful or knowing violation of TCPA requires that Plaintiff has to plead that Defendant was made aware of/notified that Plaintiff did not consent to calls from Defendant").  And nor could Plaintiff plead any such facts here because he alleges the receipt of only one text message—nothing about the receipt of one message could constitute knowing or willful conduct.  Indeed, the receipt of one, allegedly unwanted, text message more plausibly indicates a mistake.  *Iqbal*, 556 U.S. at 682 (quoting *Twombly*, 550 U.S. at 567) (finding where an "obvious alternative explanation" exists, the misconduct alleged in the complaint "is not a

plausible conclusion."). Without such factual allegations, there is no basis to permit Count 2 to proceed.

## **CONCLUSION**

For the foregoing reasons, Quicken Loans respectfully requests that this Court grant its Motion and dismiss the Complaint in its entirety for lack of standing, or alternatively, a failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ *W. Kyle Tayman*

W. Kyle Tayman (DC Bar No. 1000398)
Brooks R. Brown (DC Bar No. 1002475)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444
BBrown@goodwinlaw.com
KTayman@goodwinlaw.com

Jeffrey B. Morganroth (MI Bar No. 41670)
jmorganroth@morganrothlaw.com
MORGANROTH AND MORGANROTH PLLC
344 North Old Woodard Avenue, Suite 200
Birmingham, MI 48009
Tel.: +1 248 864 4000
Fax: +1 248 864 4001

*Counsel for Quicken Loans, LLC*

## <u>LOCAL RULE CERTIFICATION</u>

I, W. Kyle Tayman, certify that Quicken Loans' Motion to Dismiss complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length pursuant to Local Rule 7.1(d)(3)(a).

/s/ *W. Kyle Tayman*
W. Kyle Tayman

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 30, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *W. Kyle Tayman*
W. Kyle Tayman